UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JLM FINANCIAL INVESTMENTS 4 LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 11 C 2561 ) ) Judge Joan B. Gottschall |
| STELIOS AKTIPIS | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

In this breach of contract diversity action, Defendant Stelios Aktipis moves to dismiss Plaintiff JLM Financial Investments 4 LLC's ("JLM's") complaint or, in the alternative, moves that this court abstain from resolving this matter pending the outcome of related state court proceedings. For the reasons stated below, the court denies Aktipis' motion.

**I. BACKGROUND**

JLM is the assignee of a mortgage involving the Spring Hill Fashion Corner Shopping Center (the "Property") which was originally recorded in Kane County, Illinois on November 10, 2004. Springhill Gateway LLC ("Springhill") assumed all obligations under the mortgage's underlying $7,900,000 loan (the "Loan") on May 11, 2007, and on May 7, 2007 Aktipis, in his individual capacity, executed a Guaranty of Recourse Obligations of Borrower (the "Guaranty") for the benefit of Trustee and its successors and assigns (in this case, JLM).

In its complaint, JLM alleges that various mechanics liens have encumbered the Property. (Compl. ¶ 12-14.) In the Guaranty, Aktipis agreed to be held personally liable for all amounts due and payable under the Loan "in the event of [Springhill's] default under the provisions of the Note, Security Instrument, or other Security Documents relating to . . . (ii) a prohibition of sale, transfer, or encumbrance of the Property." (*Id.* ¶ 15.) Because encumbrances can produce default under the Loan, JLM alleges that the Guaranty makes "Atkipis . . . liable for all amounts now due and payable under the Loan." (*Id.* ¶ 29.) JLM also alleges that Springhill has failed to pay required monthly installments of principal and interest on the Loan since April 2010. (*Id.* ¶ 22.)

On August 10, 2010, JLM's predecessor-in-interest filed a lawsuit to foreclose on the Property in the Circuit Court of Kane County, Illinois (Case No. 10-CH-3862). This lawsuit relating to the Guaranty was filed on April 15, 2011. Aktipis argues that abstention is appropriate under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976), because, in his view, the state court action will likely dispose of all of the claims presented in the federal case. (Def. Br. at 2.);

## II. LEGAL STANDARD

"[A] federal court may stay or dismiss a suit when there is a concurrent state proceeding and the stay or dismissal would promote 'wise judicial administration.'" *AXA Corp. Sol'ns v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) (quoting *Colorado River*, 424 U.S. at 818). Nonetheless, abstention is allowed only in "exceptional circumstances," and the Seventh Circuit recognizes a general presumption against abstention. *AXA*, 347 F.3d at 278. In assessing the propriety of abstention under *Colorado River*, "the district court must undertake a two-part inquiry." *Tyrer v. City of*

*South Beloit, Ill.*, 456 F.3d 744, 751 (7th Cir. 2006). First, the court must decide whether the concurrent state and federal actions are "actually parallel." *Id.* (quoting *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004)). Once the court determines that the actions are parallel, the court can then engage in an inquiry into several factors to assess whether "exceptional circumstances" warrant abstention. *Id.*

### III. DISCUSSION

Here, the court may dispose of this matter on the first prong because the state and federal actions in this case are not parallel. Parallel actions do not need to be formally symmetric. *See Clark*, 376 F.3d at 686. However, there must be a "substantial likelihood that the [state court] litigation will dispose of all claims presented in the federal case." *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001). To assess whether state and federal proceedings are parallel, "a district court should examine whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues." *Tyrer*, 456 F.3d at 744. The court agrees with JLM that the suits essentially involve the same parties and arise out of the same set of facts; however, the legal issues presented by the two cases are sufficiently distinct such that the state and federal cases are not parallel.

### A. The Legal Rights and Obligations of the Guarantor Are Distinct from Those of the Mortgagor

The first reason the state foreclosure action is not parallel to the federal action on the Guaranty contract is because the rights and obligations associated with the proceedings are substantially different. The Guaranty is contained in a contract distinct and independent from the mortgage note and loan. As noted in a similar case, "A foreclosure proceeding is a creature of property law, whereas a guaranty agreement is

3

contractual in nature." *Mitsui Taiyo Kobe Bank, Ltd. v. First Nat'l Realty & Dev. Co., Inc*, 788 F.Supp. 1007, 1009 (N.D. Ill. 1992). Because a mortgagee may ultimately be forced into a foreclosure sale when a risky borrower assumes a mortgage, moreover, a party may "bargain[] for and receive[] *additional assurances* from the defendant[] that the debt will be paid" apart and separate from the mortgage and note. *Id.* (emphasis added). As in *Mitsui*, where the value of a guaranty would be greatly diminished if the court deemed the state and federal actions to be parallel and thus stayed the proceeding, JLM would lose a substantial benefit of its bargain. In a guaranty like the one in this case, "the guarantor makes an unconditional promise to pay the lender as soon as there is a default by the principal debtor." *Bank of Am., N.A. v. WRT Realty, LLP*, 769 F. Supp. 2d 36, 40-41 (D. Mass. 2011). The entire purpose of the contract is to allow the lender to pursue remedies *before* awaiting the result of a foreclosure proceeding. This purpose would be thwarted if this court were to grant Atkipis a stay.

### B. Several Provisions of the Guaranty Contract Counsel Against Abstention and Render this Case Independent from the State Mortgage Proceeding

Several bargained-for rights in the Guaranty contract underscore why this guaranty action is not parallel to the state court foreclosure proceeding. First, Atkipis agreed that his obligations under the Guaranty contract would not be impaired by JLM's assertion of rights through a foreclosure proceeding:

> Guarantor further agrees that the validity of this Guaranty and the obligations of Guarantor hereunder shall in *no way be terminated, affected or impaired* (a) by reason of the assertion by Lender of any rights or remedies which it may have under or with respect to either the Note, the Security Instrument, or the Other Security Documents, against any person obligated thereunder or against the owner of the Property . . . . (Guaranty at 3 (emphasis added).)

4

And further, the parties agreed that an action on the Guaranty contract may proceed independently from any foreclosure action:

> This is a guaranty of payment and not of collection and upon any default of Borrower under the Note, the Security Instrument or the Other Security Documents, Lender may, at its option, proceed directly and at once, without notice, against Guarantor to collect and recover the full amount of the liability hereunder or any portion thereof, without proceeding against Borrower or any other person, or foreclosing upon, selling, or otherwise disposing of or collecting or applying against any of the mortgaged property or other collateral for the Loan. (*Id.* at 5.)

Ultimately, "'[a] stay of the proceedings would effectively change the terms of the bargain by precluding the [plaintiff] from proceeding on the guaranty independent of its action on the underlying loan.'" *Mitsui*, 788 F. Supp. at 1009 (quoting *Nat'l Bank of Detroit v. United States*, 1 Cl.Ct. 712, 715 (1983)). The agreement creates legal obligations that cannot be disposed of by waiting for the state court's resolution of the issue. That would subvert the parties' intent.

### C. The State Foreclosure Proceeding Is Unlikely To Dispose of this Action

Moreover, there is not a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *See Fofi Hotel Co., Inc. v. Davfra Corp.*, 846 F. Supp. 1345, 1352 (N.D. Ill. 1994). Certain issues within the cases may be intertwined; insofar as the Guaranty contract guarantees repayment "upon any default of Borrower under the Note," as quoted above, the default determination in the foreclosure proceeding with respect to the mechanics liens that allegedly encumber the Property will be relevant in assessing whether Aktipis breached his obligations under the Guaranty contract. Nonetheless, "[t]he fact that the foreclosure proceeding and the present case have a common issue, *i.e.*, whether the borrower defaulted on the loan agreement, does not make the two suits parallel." *Mitsui*, 788 F.Supp. at 1010; *see also RepublicBank*

*Dallas Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987) (noting that, although "the validity of [a] promissory note" was a common issue between two actions, "other issues were disparate" where one suit was about the enforceability of the mortgage and another suit where a "guaranty agreement [was] at issue").

As noted above, this suit focuses on contract interpretation and the provisions of the Guaranty contract. No analysis of the validity or applicability of the Guaranty will be determined by the Kane County Circuit Court, which will assess only whether the Loan documents entitle JLM to foreclose on the Property. Meanwhile, the quoted Guaranty provisions above suggest that Atkipis may be liable on the Guaranty regardless of the outcome of the foreclosure suit. (*See* Guaranty at 3 (noting that Atkipis' obligations are not "impaired" simply because JLM's asserts its rights and remedies under the Loan agreement)); *Cf. Mitsui*, 788 F. Supp. at 1010 n.4 ("It should also be noted that defendants have apparently waived the use of a possible favorable outcome in the foreclosure proceeding as defense to liability on the guaranty.")[1]

Finally, to the extent that issue preclusion may apply to the default determination, the parties should bring any judgment of the Kane County Circuit Court to this court's attention so that it may "consider whether the doctrine of issue preclusion applies." *See AXA*, 347 F.3d at 280.[2]

---

[1] These issues distinguish this case from *Corus Bank, N.A. v. De Guardiola*, 593 F. Supp. 2d. 991 (N.D. Ill. 2008). Although *Corus Bank* held that a foreclosure proceeding and breach of guaranty suit were parallel, the court reached that conclusion because it determined that the issue of a possible breach of a loan agreement was dispositive in both cases. *See id.* at 994. But, as discussed above, that is not enough to render the two suits parallel here. *Corus Bank* did not analyze the provisions of the relevant guaranty contract to assess whether the guaranty suit should, as a matter of contract, proceed independently from the foreclosure suit, despite the fact that arguments were raised to that effect. When examined in relation to other similar cases, *Corus Bank* appears to be against the weight of authority in this and other districts.

[2] The court expresses no view on the merits of Atkipis' preclusion argument at this time.

* * *

For the reasons stated above, the court doubts that the federal and state actions at issue here are sufficiently parallel to justify abstention under *Colorado River*. Thus, the court declines to stay or dismiss this case. *See AAR*, 250 F.3d at 520 (noting that "any doubt regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction").

### IV. Conclusion

The motion to dismiss or, in the alternative, motion to abstain is denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: January 9, 2012